FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 OCT 10 P 1: 24
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LANE BREWER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-132 |
| | ) | |
| RONALD STRENGTH, Sheriff, | ) | |
| Richmond County, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Lane Brewer, a pre-trial detainee presently confined at the Charles B. Webster Detention Center in Augusta, Georgia, ostensibly brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* ("IFP") (doc. no. 2) be **DEEMED MOOT** and that this case be **DISMISSED** without prejudice and **CLOSED**.[2]

## I. BACKGROUND

Petitioner alleges that, on August 11, 2012, upon completion of an unrelated sentence at Telfair State Prison, he was arrested pursuant to a warrant by the Richmond County

---

[1] As explained below, the Court construes Petitioner's filing as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

Sheriff's Office in Helena, Georgia. (Doc. no. 1, p. 5.) According to Petitioner, he is now being held at Charles B. Webster Detention Center in Augusta, Georgia on a charge of "terroristic threats." (Id. at 15.) Petitioner alleges violations of his Fifth, Sixth, and Fourteenth Amendment rights. (Id. at 5.)

In short, Petitioner contends that he is being held illegally because Richmond County lacks jurisdiction over his charge, as he was incarcerated at Telfair State Prison in Telfair County when the alleged event underlying his charge occurred. (Id. at 15.) Petitioner alleges that he has been charged with making a threatening communication by mail to his sister in Hephzibah, Georgia, which is located in Richmond County. (Id.) According to Petitioner, Richmond County could not charge him for this because he was not in Richmond County at the time the alleged events occurred, and he "would have to threaten [the alleged victim] in person at that Richmond County address" for Richmond County to have jurisdiction. (Id.)

Petitioner alleges that he has exhausted his state remedies because "all officials have been notified of lack of jurisdiction." (Id. at 5.) Petitioner specifically alleges that he filed a motion to dismiss with the Deputy Clerk of the Civil Magistrate Court in Augusta, Georgia, and in response to a prompt asking for the "[d]ate of the court's decision," Petitioner states "August 3, 2012," though he also states "N/A" in response to a prompt about the result.[3] (Id. at 6.) Petitioner also alleges that a judge "will not look at [his] *pro se* efforts," and that he has sent "letters to clerks and judges complaining lack of subject-matter jurisdiction." (Id.) Petitioner also alleges that he has not yet been arraigned. (Id. at 1.)

---

[3]Also, the Court notes that Petitioner alleges he was not arrested until August 11, 2012. (Doc. no. 1, p. 5.)

2

Petitioner requests that this Court "issue a summary remand of dismissal of Richmond County warrant no. 21669 and release Petitioner without prejudice." (Id. at 14.) Elsewhere in his petition, Petitioner appears to request removal of his case to federal court as well. (See id. at 1, 5.)

## II. DISCUSSION

First, because Petitioner's claims challenge the legality of his pretrial detention, rather than detention pursuant to a judgment of conviction, his petition is properly brought pursuant to 28 U.S.C. § 2241 rather than § 2254. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-99 (1973) (addressing § 2241 petition challenging pretrial detention); Hughes v. Attorney General of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that a person held in pre-trial detention should file a § 2241 petition, as opposed to a § 2254 petition, because a pre-trial detainee is not "in custody pursuant to the judgment of a State court" (quoting 28 U.S.C. § 2254(a))). The proper course of action in assessing a pretrial habeas petition improperly brought under § 2254 is to consider the petition as if brought pursuant to § 2241. Hughes, 377 F.3d at 1262; see also Hiteshaw v. Butterfield, 262 F. App'x 162, 164 (11th Cir. 2008) (*per curiam*) (finding that the district court improperly characterized state pre-trial detainee's federal habeas petition as a § 2254 petition and remanding the case for consideration as a § 2241 petition).

3

Pretrial § 2241 petitions, like all habeas petitions,[4] are subject to an exhaustion requirement. Id.; see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[5] (noting in the context of a pre-trial detainee's federal habeas petition that "[a]lthough federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled").

Specifically, the exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state

---

[4]The Court notes that even if the instant petition were properly brought under 28 U.S.C. § 2254, Petitioner would still be required to exhaust state remedies. See 28 U.S.C. §§ 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented.") (emphasis added).

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

4

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

With regard to the claim in the instant petition, Georgia law allows pretrial detainees to raise lack of jurisdiction either during state criminal proceedings or in a collateral state action.[6] See State v. Whetstone, 441 S.E.2d 842, 842 (Ga. 1994) (ruling on grant of motion to dismiss indictment for lack of jurisdiction); Brown v. State, 678 S.E.2d 172, 173 (Ga. Ct. App. 2009) (noting that a defendant may raise a lack of jurisdiction in a motion to vacate his conviction, and denial of such a motion is directly appealable (citing O.C.G.A. § 17-9-4)); Stewart v. State, 522 S.E.2d 743, 744 (Gt. Ct. App. 1999) (explaining procedure for appeal of denial of motion to dismiss indictment (citing O.C.G.A. § 5-6-34)); Cross v. State, 176 S.E.2d 517, 519 (Ga. Ct. App. 1970) (ruling on denial of motion in arrest of judgment that alleged lack of jurisdiction).

Although Petitioner asserts that he brought his claim in a motion to dismiss, it is unclear whether there has been a ruling on the motion, as Petitioner stated "N/A" in response to a question about the result. (See doc. no. 1, p. 6.) Moreover, Petitioner has made no indication that he has invoked a "complete round of the State's established appellate review

---

[6]Moreover, to the extent Petitioner alleges he has not been arraigned, Georgia law also allows pretrial detainees to raise that claim during state criminal proceedings or in a state habeas corpus action. See Rainwater v. Langley, 587 S.E.2d 18, 19-20 (Ga. 2003) (challenging pretrial detention in state habeas petition); Banks v. Waldrop, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); Taylor v. Chitwood, 471 S.E.2d 511, 512 (Ga. 1996) (stating that failure to hold a first appearance may be raised by defendant during trial and on direct appeal); McClure v. Hopper, 214 S.E.2d 503, 506 (Ga. 1975) (holding that pretrial detainee's claim based on denial of a timely first appearance may be cognizable in habeas corpus action before indictment).

5

process." O'Sullivan, 526 U.S. at 845. Therefore, the Court finds that Petitioner has failed to satisfy the exhaustion requirement, and concludes that the instant petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* ("IFP") (doc. no. 2) be **DEEMED MOOT** and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE